Charles H. WELCH
and
James M. Welch
v.
GENERAL MOTORS CORPORATION.
Civ. A. No. 232–69–R.

United States District Court,
E. D. Virginia,
Richmond Division.
Jan. 26, 1970.

Jack V. Altizer, H. Franklin Minor, Richmond, Va., for plaintiffs.

Warren E. Finken, W. A. Schuetz, General Motors Corp., Detroit, Mich., Lewis F. Powell, Jr., E. Milton Farley, III, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiffs, alleging the defendants have manufactured and sold a device which infringes a patent issued to them on July 1, 1952, sue for an injunction and damages. Jurisdiction exists, pursuant to 28 U.S.C. § 1338(a), and venue is proper, under the allegations of the complaint, under 28 U.S.C. § 1400(b); so much is uncontested.

The defendant has answered and moved for summary judgment, pursuant to Fed.Rules Civ.Proc., Rule 56, 28 U.S.C., accompanying its motion papers with an affidavit and certain exhibits; the record in addition contains interrogatories by both parties, and answers thereto. Subsequent to the hearing on defendant's motion the plaintiffs filed their own motion for summary judgment, together with an affidavit and exhibits. Under Rule 56 summary judgment will be granted as the applicable law requires if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.Rules Civ.Proc., Rule 56(c), 28 U.S.C.[1] While the defendant's answer puts in issue the valid-

---

1. At the time of the hearing the plaintiff had not filed counter-affidavits, but Rule 56(e) establishes that, whereas pleading allegations alone cannot demonstrate a factual conflict, when the opponent supports his position with affidavits, nevertheless answers to interrogatories will do so and can prevent the award of summary judgment. The plaintiff has filed such answers; the question remains whether a material factual dispute is disclosed.

ity of the patent owned by plaintiffs, No. Des. 2,602,105, the case can be disposed of without an exploration of that issue if the plaintiffs' charge of infringement is without merit, Smith v. General Foundry Mach. Co., 174 F.2d 147 (4th Cir. 1949), cf. Bailey v. Galion Iron Works & Mfg. Co., 80 F.2d 805 (4th Cir. 1936); Bullard Co. v. General Electric Co., 234 F. Supp. 995 (W.D.Va.1964), aff'd 348 F.2d 985 (4th Cir. 1965); Smith v. General Foundry Mach. Co., *supra*, and Dow Corning Corp. v. Chertkof, 243 F.Supp. 947 (D.Md.1965) demonstrate that summary judgment is appropriate, at least on the issue of infringement, when factual questions do not emerge on the motion.

■ The patent in issue concerns a device used to connect the terminal post of a storage battery, of the type usually used in automobiles, to a heavy electric cable. The single claim accepted by the Patent Office examiner was as follows:

> 7. A battery terminal connection comprising semi-cylindrical shims adapted to be placed about a battery terminal post, a terminal member having spring projections curved and opposingly engaging respective shims and means for clamping cable wires to the terminal member, said shims having recesses therein receiving the spring projections, said spring projections having handle portions thereon and adapted to be squeezed to release the spring projections from the recesses of the shims.

In their communications with the examiner, the applicants referred to the invention as a "combination" structure, defendant's Exhibit A, p. 11. It is settled law that when a patent is issued embracing a combination of components, such patent is not infringed by an accused's device lacking one of the elements in the claim. "To determine whether the accused article infringes Claims 1 and 2 we must look to the words of the claims. If every essential element of the described combination, or its equivalent, is embodied in the [article] sold by [defendant], [plaintiff] is entitled to prevail." Marston v. J. C. Penney Co.,

353 F.2d 976, 985 (4th Cir. 1965). Having rested his claim on a particular combination of components, a patentee cannot later assert that a device omitting an element of the claim falls within the patent's ambit. Power Curbers, Inc. v. E. D. Etnyre & Co., 298 F.2d 484, 495 (4th Cir. 1962); Entron of Maryland, Inc. v. Jerrold Electronics Corp., 295 F. 2d 670, 677 (4th Cir. 1961). This is so even if an element of the patentee's claim also present in the accused device would be patentable standing alone, and even if that element was erroneously rejected by the examiner as an unpatentable claim, Bullard Co. v. General Electric Co., 348 F.2d 985, 990 (4th Cir. 1965); Power Curbers, Inc. v. E. D. Etnyre & Co., *supra*, 298 F.2d 495.

The Welch patent unmistakably includes the element of "shims," (with recesses); the word "shims" occurs four times in claim 7, the sole claim accepted. In fact it also appears in each claim submitted to the examiner. A shim is defined as "a thin, usually wedge-shaped piece of wood, metal, etc. used for filling space, leveling, etc., as in masonry," Webster's New World Dictionary, College Edition, 1344 (1966). The Court is not concluded by a dictionary definition, of course. However, certain facts are established and unrefuted on this motion by the affidavit of E. L. Johnson, an employee of the defendant: Exhibits IV and V, a drawing and a battery connector, are identical to the devices alleged to infringe the Welch patent. The accused product is die cast in a single unit, a steel spring being embedded in the lead-tin-antimony body. No shims are employed, much less any shims with recesses to receive "spring projections." The accused device cannot be disassembled in any manner without destroying it, and corrosion of the accused connector can be cured only by its replacement *in toto*, Johnson affidavit paragraphs 13–19.

The plaintiffs have submitted the affidavit of Mr. Castor Church, a machinist, alleging that he cut apart a specimen of the accused device, producing two pieces, plaintiffs' Exhibits A and B. "After

separation, the smaller of the two resulting pieces would be termed a 'shim'," Church affidavit. No factual difference is disclosed by this statement. It is uncontested that the accused device is incapable of being disassembled and the contact area renewed without entirely destroying and remanufacturing it. The defendant's connector is made as a unit and replaced as a unit; in its normal, useful state it employs no shims.

■ As a matter of law, therefore, it would seem that the plaintiffs cannot establish infringement because the claimed element of shims, not to speak of shims with recesses, is lacking in the accused device. It bears repeating that the patent laws do not provide protection for the core or the gist of a patent but only for the sum of the claims as accepted, inclusive of all essential elements. Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 344–345, 81 S.Ct. 599, 5 L.Ed.2d 592 (1960).

In an effort to avoid the obstacle of the absence of shims in the accused product, the plaintiffs invoke the doctrine of equivalents, plaintiffs' brief pp. 4, 8–12. In essence this doctrine holds that infringement may exist where, in an accused device, an element of the patentee's device is replaced by something which "performs substantially the same function in substantially the same way to obtain the same result," Marvel Specialty Co. v. Bell Hosiery Mills, Inc., 330 F.2d 164 (4th Cir. 1964). See also, Long Mfg. Co. v. Holliday, 246 F.2d 95 (4th Cir. 1957); Gunter & Cooke, Inc. v. Southern Electric Service Co., 256 F.Supp. 639 (M.D.N.C.1966). A difference in "name, form, or shape," Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950), citing Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 42, 50 S.Ct. 9, 74 L.Ed. 147 (1929), is disregarded, and protection is extended to the inventor, so that others cannot appropriate his patent by introducing minor variations.

■ Equivalence is a factual issue, Entron of Maryland, Inc. v. Jerrold Elec-

tronics Corp., *supra*, 295 F.2d 677. Relevant factors include "the purpose for which an ingredient is used in a patent, the qualities it has when combined with the other ingredients, and the function which it is intended to perform. An important factor is whether persons reasonably skilled in the art would have known of the interchangeability of an ingredient not contained in the patent with one that was," Graver Tank & Mfg. Co. v. Linde Air Products Co., *supra*, 339 U. S. 609, 70 S.Ct. 857.

■ The plaintiffs argue that the General Motors product contains the structures claimed or their equivalent in that defendant's device is nothing but the plaintiffs' article "lead coated," as the specifications in the application, defendant's Exhibit A, p. 4, contemplates. Presumably portions of the casting are regarded as replacing the shims and the retaining task performed by the recesses in the Welch patent is done by the die cast envelope as a whole.

The defendant sets up the rule of file wrapper estoppel against the equivalency doctrine, defendant's reply brief, *passim*. While the Court is not convinced that that estoppel doctrine, properly so called, applies to this case, nevertheless, in a broad sense, it has some force. For the Court can infer from the specifications in the application and representations as to the purpose of various elements made to the patent examiner that the doctrine of equivalents cannot place the accused device within the terms of the Welch patent.

File wrapper estoppel is an equitable principle which restricts a patentee's ability to resort to the doctrine of equivalents. A claim, under this principle, cannot be broadly read to cover an allegedly equivalent structure if just that structure was within a broad claim which was, in the course of negotiations with the examiner, withdrawn by the applicant. "Claims as allowed must be read and interpreted with reference to rejected ones and to the state of the prior art; and claims that have been narrowed in order to obtain the issuance

of a patent by distinguishing the prior art cannot be sustained to cover that which was previously by limitation eliminated from the patent," Graham v. John Deere Co., 383 U.S. 1, 33, 86 S.Ct. 684, 702, 15 L.Ed.2d 545 (1966). "[I]t has long been settled that recourse may not be had to [equivalents] doctrine to recapture claims which the patentee has surrendered by amendment," Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136, 62 S.Ct. 513, 518, 86 L.Ed. 736 (1942). See also, Marvel Specialty Co. v. Bell Hosiery Mills, *supra*; Power Curbers, Inc. v. E. D. Etnyre & Co., *supra;* Carter Products, Inc. v. Colgate-Palmolive Co., 269 F.2d 299 (4th Cir. 1959).

The plaintiffs included in each claim presented in their patent application the element of shims. Therefore they are not now in the position of having cancelled a claim which in terms embraced the defendant's shimless device. Yet the file history is in a way even more damaging to their contentions than if such had been the case, for several times prior art was distinguished, in representations to the examiner, on the specific ground that shims were lacking, defendant's Exhibit A, p. 12. The Welch device, unlike prior art, plaintiffs suggested, featured a "clear cooperation between the semicylindrical shims and the spring projections of the terminal member which engage the respective shims * * *" *Id.* 11. "When there is a corrosion, the shim units can be easily removed to leave a clean post and other shims can be added," *Id.* 4. Plaintiffs designed an extremely simple mechanism in which parts subject to deterioration are renewable, "without special tools," *Id.* When prior art is distinguished in argument before the examiner on the ground of its lack of certain characteristics, although the applicant does not simultaneously narrow his claims, this Court concludes that the construction of claims thereafter accepted must be limited by the applicant's representations. Such a rule is strongly suggested by dicta in the *Marvel* case, *supra*, 330 F.2d

177. The defendant's device is distinguishable from the plaintiffs' claim on the same grounds—it lacks shims and ease of disassembly—which the plaintiff urged against prior art cited by the Patent Office. The plaintiffs cannot now claim that a function performed by its device which they stressed in contrasting it with prior art is not a vital part of their claim, such that an accused device lacking such function might still be "equivalent" in law. It may well be that the alternative of making the device as a one piece casting was an obvious alternative at the time the Welch patent was awarded. Such a device still would not perform the functions ascribed to the Welch patent in its application. To be sure, both would serve as battery connectors, but only in the Welch device may the contact faces alone be discarded and replaced. The accused device lacks this advance. Since it is not substantially the same in operation, it is not equivalent. Entron of Maryland, Inc. v. Jerrold Electronics Corp., *supra*, 295 F.2d 677; see also *Id.* n. 6. This conclusion is consistent with the general rule that a patent claim consisting of a novel combination of concededly old elements extends only to a narrow range of equivalents, Berry Brothers Corp. v. Sigmon, 317 F.2d 700 (4th Cir. 1963).

The contention, plaintiffs' brief, p. 5, that the defendant's connector is nothing more than the plaintiffs' device "lead coated," as the specifications state, defendant's Exhibit A, p. 4, is not persuasive. The specification says that the "parts can be either cadmium or lead coated," *Id.* It is obvious that the reference is to a plating treatment. If it is read to include a process by which the parts are enclosed in a die cast envelope, then clearly the description fails to meet the statutory requirement, 35 U.S.C. § 112, that the description be so concise and exact as to teach the artisan how "to make and use" the invention, Marvel Specialty Co. v. Bell Hosiery Mills, Inc., *supra*, 330 F.2d 173. Plaintiffs' reliance on the term "lead coated" to reach the accused object in reality seems to be an

effort to resort to the doctrine of equivalents, which this Court has already determined to be of no assistance to them. For when cast in one piece the parts lose their separate nature and the device does not function as represented.

◼ Since the defendant's accused device, on uncontested facts, does not infringe the plaintiffs' patent, the issue of the patent's validity need not be reached.

The defendant is entitled to summary judgment as a matter of law.